# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 9, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHARI STEWART,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0978** (BOR Appeal No. 2049337)
                         (Claim No. 2014017502)

**CABELA'S, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shari Stewart, by William C. Gallagher, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cabela's, Inc., by Jeffrey B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 26, 2014, in which the Board affirmed a March 21, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 9, 2013, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Stewart, a seasonal employee, alleges that she was injured in the course of her employment on November 7, 2013, while stocking a shelf. She testified in a hearing before the Office of Judges that she initially felt lower back pain after lifting a heavy box and restocking a bottom shelf. She then stood up and felt a pull and a crack in her lower back. She requested that she be allowed to leave early and Phil Hartman, her supervisor, authorized it. She admitted that she filled out two reports of injury and alleged in one that she was injured while lifting boxes. She asserted that the discrepancy was due to confusion caused by her medication. She testified that she had no back problems prior to the alleged injury. Ms. Stewart asserted that she

1

mentioned a work-related injury to all of the physicians that have treated her. Treatment notes by Ohio Valley Medical Center stated that Ms. Stewart was seen on November 8, 2013, for lower back pain that began the previous day at work. She was diagnosed with acute lumbosacral strain with muscle spasm.

Several statements and affidavits by Cabela's, Inc., employees were submitted. Phil Hartman stated that he had no recollection of Ms. Stewart discussing back issues with him. Ed Richards, a co-worker, stated that on November 8, 2013, he spoke with Ms. Stewart at the end of their shift, and she did not mention a back injury or ailment. Janie Meintel said in an affidavit that Ms. Stewart told her she did not know if the injury was work-related or how the injury occurred. Ms. Stewart also told Ms. Meintel that her inability to work was not due to a work-related injury. Scott Messenger, a manager at Cabela's, Inc., stated that, as far as he knew, Ms. Stewart never reported a back injury to anyone on her shift. When she called off of work, she stated that her feet hurt and wanted to know if there was light duty available with less walking. Finally, Alexander Bryum, a supervisor, asserted that Ms. Stewart did not mention an injury when she called in, and she never reported an injury or requested medical treatment from the on-site medical treatment room.

Prasadarao Mukkamala, M.D., performed a record review in which he diagnosed nonspecific lower back pain. He stated that, based on the records, the medical evidence does not support Ms. Stewart's allegation that she was injured at work. He opined that her current complaints are the result of pre-existing degenerative lumbar spondyloarthropathy. He based this conclusion on an MRI taken one week after the alleged injury that showed disc desiccation from L3-4 to L5-S1.

The claims administrator rejected the claim on December 9, 2013. The Office of Judges affirmed the decision in its March 21, 2014, Order. It found that Ms. Stewart denied that she suffered an injury when she went to Ohio Valley Medical Center on November 8, 2013. The Office of Judges determined that she was treated at MedExpress on November 11, 2013. That report indicates that she had back pain that began on November 7, 2013, but it did not note an injury. It was found that the first medical report to state that Ms. Stewart sustained an actual injury was a treatment note by MedExpress dated November 19, 2013. The Office of Judges further determined that the only evidence that she reported an injury to her employer on November 7, 2013, is her own testimony. The management team at Cabela's, Inc., denies being contacted regarding a back injury and stated that Ms. Stewart cited other medical conditions for her absence, such as eye problems, a neck rash, and a doctor's appointment for a leg MRI. The Office of Judges stated that it is Ms. Stewart's burden to establish that she sustained a work-related injury and held that she failed to do so in this case. The inconsistencies in the record rendered her assertion unreliable. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 26, 2014.

On appeal, Ms. Stewart argues that she timely reported her injury to Cabela's, Inc. She asserts that she was allowed to leave work the day the injury occurred, and she sought treatment the following day for her lower back pain. Cabela's, Inc., argues that Ms. Stewart failed to report an injury when she was initially treated, failed to report her alleged injury to anyone at her place

of employment, and failed to demonstrate an isolated fortuitous event. It further asserts that she has a history of rheumatoid arthritis and has suffered from bone and joint pain for years.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Ms. Stewart has not demonstrated that she sustained an injury in the course of and resulting from her employment. Ms. Stewart initially reported to Ohio Valley Medical Center that she had back pain that started at work the night before. She did not, however, state that she suffered an injury. She did not report an injury to any of her superiors either on the night of the injury or in the days following when she called off of work. In fact, when questioned, she stated that she did not know if she had a work-related injury and that her pain was probably just the result of a lot of walking. She also reported inconsistent mechanisms of injury when she did assert that she suffered a work-related injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II